UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| THOMAS VARGA, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| CREDIT CONTROL SERVICES, ) | |
| INC. d/b/a THE CCS COMPANIES ) | |
| d/b/a CCS, ) | |
| ) | |
| Defendant. ) | **JURY DEMAND** |

## COMPLAINT

NOW comes THOMAS VARGA ("Plaintiff"), by and through his attorney, Jonathan Hilton, Esq. ("Hilton"), complaining as to the conduct of CREDIT CONTROL SERVICES, INC. d/b/a THE CCS COMPANIES d/b/a CCS ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 47 U.S.C. § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Diversity jurisdiction under 28 U.S.C. § 1332 also exists because the amount in controversy is more than $75,000, the Plaintiff is a citizen of Ohio, and the Defendant is a citizen of Massachusetts.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

**PARTIES**

5. Plaintiff is a natural person residing within the Northern District of Ohio.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is a third-party debt collector that "represents high profile creditors nationally, and has been serving volume based referrals for decades."[1]  Defendant is registered at 155 Federal Street, Suite 700, Boston, Massachusetts, but maintains its principal place of business in Norwood, Massachusetts, and also has an office in Newton, Massachusetts. Defendant regularly collects upon consumers located in the state of Ohio.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

10. In approximately October 2017, Plaintiff began receiving calls to his cellular phone, (330) XXX-8741, from Defendant.

---

[1] The CCS Companies, *Explore Credit Collection Services*, https://www.ccsusa.com/usa.html (last visited Feb. 24, 2018).

[ 2 ]

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8741. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has used the phone number (978) 225-6004 when placing calls to Plaintiff's cellular phone.

13. Upon reference and belief, the above referenced phone number ending in 6004 is regularly utilized by Defendant during its debt collection activity.

14. It has been revealed by previous litigation that Defendant uses an Automated Telephone Dialing System ("ATDS") to place calls to debtors. *See, e.g.*, *Adamick v. Credit Control Services, Inc.*, 832 F.Supp.2d 744 (W.D. Tex. 2011) ("There is no dispute CCS was using an autodialer to place numerous calls to Adamcik's phones, including her cellular phone.").

15. In fact, Defendant states on its website that "CCS is a complete multi-channel contact center; operating state of the art call centers with highly trained service representatives together with a proprietary AVM platform which can generate *millions of contacts daily*."[2]

16. Defendant has informed Plaintiff over the phone that Defendant is attempting to collect a debt from him.

17. Upon information, reference, and belief, Defendant was calling to collect on a bill for medical services.

18. Plaintiff has received no fewer than 22 phone calls from Defendant.

19. Defendant called Plaintiff on October 31, 2017.

20. Defendant called Plaintiff on November 1, 2017.

---

[2] The CCS Companies, *Explore Customer Contact Solutions*, https://www.ccsusa.com/crm.html (last visited Feb. 24, 2018).

[ 3 ]

21. Defendant called Plaintiff on November 3, 2017.

22. Defendant called Plaintiff on November 6, 2017.

23. Defendant called Plaintiff on November 7, 2017.

24. Defendant called Plaintiff on November 9, 2017.

25. Defendant called Plaintiff on November 10, 2017.

26. Defendant called Plaintiff on November 11, 2017.

27. Defendant called Plaintiff on November 13, 2017.

28. Defendant called Plaintiff on November 14, 2017.

29. Defendant called Plaintiff on November 15, 2017.

30. Defendant called Plaintiff on November 17, 2017.

31. Defendant called Plaintiff on November 20, 2017.

32. Defendant called Plaintiff *three times* on November 21, 2017.

33. Defendant called Plaintiff on November 24, 2017.

34. Defendant called Plaintiff on November 25, 2017.

35. Defendant called Plaintiff on November 29, 2017.

36. Defendant called Plaintiff on December 4, 2017.

37. Defendant called Plaintiff on December 7, 2017.

38. Defendant called Plaintiff on December 15, 2017.

39. Upon information, reference, and belief, Defendant placed these calls using an autodialer.

40. In response, Plaintiff has demanded that Defendant stop calling him.

41. In particular, Plaintiff answered one of the calls on November 21, 2017, and spoke with a representative claiming to be named "Michael."

[ 4 ]

42. Plaintiff indicated that he wished for Defendant to stop calling him.

43. Despite Plaintiff's demands, Defendant continued to persistently place collection calls to the Plaintiff's cellular phone into December 2017.

44. Plaintiff received no fewer than eight phone calls from Defendant since asking it to stop calling.

45. Frustrated over Defendant's conduct, Plaintiff spoke with Attorney Hilton regarding his rights. Subsequently, on November 30, 2017, Attorney Hilton sent a letter by first-class mail to 725 Canton Street, Norwood, Massachusetts. In this letter, Attorney Hilton made clear he was representing Plaintiff in this matter and included in bold the following statement: "**You are hereby being notified, pursuant to 15 U.S.C. § 1692c(c), that Mr. Varga requests your company to cease contact with him.**"

46. Plaintiff received no fewer than three phone calls after Defendant was notified in writing to cease contact and that Attorney Hilton now represented Plaintiff in this matter.

47. These calls occurred more than three days after Attorney Hilton sent the letter by first class mail. On legal presumption and belief, Defendant was in receipt of Attorney Hilton's letter at the time it placed these three calls.

48. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

49. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, and increased usage of his telephone services.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff repeats and realleges the paragraphs above as though full set forth herein.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

52. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

53. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

54. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a medical debt.

   a. **Violations of FDCPA § 1692c.**

55. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(2), prohibits a debt collector from communicating with a consumer "if the debt collector knows that the consumer is represented by an attorney with respect to such debt." Further § 1692c(c) mandates that "if a consumer notifies a debt collector in writing … that the consumer wishes the debt collector to cease communication with the consumer, the debt collector shall communicate further with consumer."

56. Defendant violated § 1692c(a)(2) and § 1692c(c) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least eight times after he verbally demanded that it stop and at least three times after being contacted in writing by Attorney Hilton.

   b. **Violations of FDCPA § 1692d.**

57. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits "causing a

telephone to ring or engaging any person in telephone repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

58. Defendant violated § 1692d when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

59. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

### c. Violations of FDCPA § 1692e.

60. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

61. In addition, this section enumerates specific violations, such as:

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."
15 U.S.C. § 1692e(10).

62. Defendant violated § 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting him, Defendant continued to ceaselessly contact him via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically continued its contacts in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

### d. Violations of FDCPA § 1692f.

63. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

64. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff eight times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

    **e. Violations of FDCPA § 1692g.**

65. The FDCPA, pursuant to 15 U.S.C. § 1692g, mandates that a debt collector shall "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice."

66. Defendant violated 15 U.S.C. § 1692g when it failed to send a written notice to Plaintiff within five days of its initial contact.

67. Plaintiff was injured by this conduct because he did not know who was calling him, leading his counsel to incur billable time expenditures researching what entity was calling Plaintiff.

68. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, THOMAS VARGA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II—VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

69.  Plaintiff repeats and realleges the paragraphs above as though fully set forth herein.

70.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an ATDS without their consent. The TCPA, under 47 U.S.C. § 227(b)(1), defines an ATDS as "equipment which has the capacity … to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

71.  Upon reference and belief, Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.

72.  Defendant violated the TCPA by placing at least 22 phone calls to Plaintiff's cellular phone using an ATDS without his consent. At no time did Plaintiff give prior express written consent to Defendant permitting it to contact him via an ATDS. Any purported consent

that the Plaintiff may have given to the originator of the consumer debt was specifically revoked by Plaintiff's demands that Defendant cease contacting him.

73. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

74. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Plaintiff further prays for treble damages for willful and knowing violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, THOMAS VARGA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

**b.** Awarding Plaintiff statutory damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)-(C);

**c.** Awarding Plaintiff costs and reasonable attorney fees; and

**d.** Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III—VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

75. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

76. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

77. Plaintiff is a "person" as defined by R.C. 1345.01(B).

78. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

79. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

80. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

    a. **Violations of the Fair Debt Collection Practices Act.**

81. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

82. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq. See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

83. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

    b. **Violations of the Telephone Consumer Protection Act.**

84. Violations of the TCPA are violations of the CSPA, entitling Plaintiff to $200 per violation and an award of attorney fees. *See, e.g.*, *Ambrose v. Prime Time Enterprises*, No. CV 04 547298, 2005 WL 646147, at *1 (Ohio Com. Pl. Feb. 23, 2005); *Tower City Title Agency,*

*Inc. v. Phillips*, 2008-Ohio-957, ¶ 5 ("Ohio courts have found that a violation of the TCPA also results in a violation of R.C. 1345.02 of the Ohio CSPA.").

85. Defendant has violated the CSPA by using an ATDS in violation of the TCPA as set forth above.

86. Defendant's actions in using an ATDS were unfair, deceptive, and unconscionable under the CSPA because they were intended to harass Plaintiff and intimidate him into making payments on an alleged debt.

### c. Violations of R.C. 1345.02(A) and R.C. 1345.03(A).

87. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by engaging in or using unfair means to collect a debt.

88. Defendant has committed unfair, deceptive, and unconscionable acts or practices in violation of the CSPA, R.C. 1345.02(A) and 1345.03(A), by communicating with Plaintiff after being told to stop as well as after being notified of his representation in the matter, and by placing no fewer than 22 phone calls to Plaintiff.

89. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g.*, *State ex rel. Celebrezze v. Scandinavian Health Spa, Inc.*, No. CV863-1158, 1986 WL 363150, at *2 (Ohio Com. Pl. Mar. 31, 1986) ("A supplier who, in its collection of consumer debts, engages in acts, the natural consequence of which is to harass consumer's violates O.R.C. § 1345.02(A)"); *State ex rel. Fisher v. Lasson*, No. CV 92 10 0193, 1994 WL 912252, at *5 (Ohio Com. Pl. Oct. 14, 1994) (repetitive calls can be unconscionable).

90. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

WHEREFORE, Plaintiff, THOMAS VARGA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

**b.** Awarding Plaintiff statutory damages of at least $200.00 per violation pursuant to R.C. 1345.09(B);

**c.** Awarding Plaintiff costs and reasonable attorney fees; and

**d.** Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IV—INVASION OF PRIVACY

91. Plaintiff restates and realleges the paragraphs above as though fully set forth herein.

92. Ohio recognizes a cause of action for invasion of privacy based on "wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992, 993 (Ohio 1982) (quoting *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (Ohio 1956)).

93. Defendant invaded Plaintiff's privacy and intruded on his solitude and seclusion by intentionally and persistently causing his cellular phone to ring and by attempting to contact him when he desired to be left alone.

94. Defendant's pattern of repeatedly calling Plaintiff in his home on a nearly daily basis was so outrageous that it would cause shame or humiliation to a person of ordinary sensibilities.

WHEREFORE, Plaintiff, THOMAS VARGA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful;

b. Awarding Plaintiff damages, including but not limited to statutory, compensatory, emotional, and punitive damages to the extent allowed by law;

c. Awarding Plaintiff costs and reasonable attorney fees to the extent allowed by law; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: February 24, 2018

s/ Jonathan Hilton

Jonathan Hilton (0095742)
20 South Third Street, Suite 210, PMB 197196
Columbus, OH 43215
Tel: (614) 992-2277
Fax: (614) 427-5557
jonathanhiltonlaw@gmail.com
*Attorney for Plaintiff*
